IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**ORLANDO BETHEL and**
**GLYNIS BETHEL,**

    Plaintiffs,

v.                                                                          **CIVIL ACTION NO. 06-0223-KD-C**

**THE BALDWIN COUNTY BOARD**
**OF EDUCATION, et al.,**

    Defendants.

**ORDER**

This matter came before the Court on September 29, 2008 for a show cause hearing. By order dated September 11, 2008, plaintiff Glynnis Bethel was ORDERED to appear before the undersigned United States District Judge to SHOW CAUSE why an order should not be issued prohibiting her from physically accessing or telephonically contacting the Clerk's Office of the Southern District of Alabama.[1] The order also strongly cautioned Bethel that failure to abide by the order may result in sanctions against her including dismissal of this action. On September 16, 2008, Bethel filed an appeal of the order to appear and show cause. On September 29, 2008, the hearing was held but Bethel did not appear as ordered.

---

[1] This order resulted from an incident occurring September 3, 2008 in the Clerk's Office of the United States District Court for the Southern District of Alabama where Bethel was allegedly verbally abusive to employees of the Clerk's Office because they would not provide her with free copies of court documents. Thereafter, Bethel repeatedly telephoned the Clerk's Office and allegedly engaged in abusive, harassing and threatening communications against various members of the court staff, including the Clerk of Court.

Upon consideration of Bethel's failure to obey an order of this court to appear at the hearing, and for the reasons set forth herein, this action is **DISMISSED with prejudice** because there is a clear record of Bethel's intentional, willful, and contumacious failure to obey an order of this court and no lesser sanction will suffice to preserve the authority of this court.

Rule 41(b) of the Federal Rules of Civil Procedure governs involuntary dismissal of cases and states that if a "plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." The Rule further explains that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. Rule 41(b). Although the rule speaks to a motion by a defendant as the catalyst to dismissal, the court has inherent power to effect an involuntary dismissal when a party fails to abide by an order of the court. See Dinardo v. Palm Beach County Circuit Court Judge, 199 Fed.Appx. 731, 735 (11th Cir. 2006)[2] (citing Lopez v. Aransas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir.1978)[3] (affirming a *sua sponte* dismissal under Rule 41(b) and explaining that, "[a]lthough the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* ...")); see also Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its order and insure prompt disposition of lawsuits."); Zocaras v. Castro, 465 F. 3d 479, 483 (11th Cir. 2006) (the court "has the inherent

---

[2] Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority. Rule 36-2 of the United States Court of Appeal for the Eleventh Circuit.

[3] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent on the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation.").

The Court of Appeals for the Eleventh Circuit has "articulated a two-part analysis for determining when an action should be dismissed as a sanction" and explained that "[t]here must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." Zocaras, 465 F.3d 479, 483 (11th Cir. 2006). The court further explained that

> . . . dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. Dismissal with prejudice is not proper unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct. Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct. In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation.

Zocaras, 465 F.3d at 483 (internal quotations and citations omitted). The Supreme Court has explained that "[l]ike all applications of inherent power, the authority to sanction bad-faith litigation practices can be exercised only when necessary to preserve the authority of the court." Chambers v. Nasco, Inc, 501 U.S. 32, 64, 111 S.Ct. 2123, 2143 (1991)

Thus, the court first looks to whether there is a clear record that Bethel acted willfully and contumaciously when she did not appear at court after she received the order to appear. At the hearing, the court was made aware that Bethel had telephoned the court on three occasions after the entry of the September 11, 2008 order and left voice messages explaining that she would not attend the hearing because it was illegal and unlawful and because the court had no jurisdiction over her. Bethel specifically stated that she received the order but would not attend the "Kangaroo Court" or any corrupt activities at this court. Bethel stated that the only way she would attend would be if she were "physically" brought to court in handcuffs by the U. S.

Marshal. Bethel made it clear that she was not going to attend the hearing, even though she was ordered to do so and was warned that failure to appear may result in dismissal of her lawsuit.[4]

The court having found that Bethel acted willfully and contumaciously in her decision to disobey the court's order, now turns to whether a lesser sanction would adequately address this circumstance. Because Bethel made it clear that she would not come to the hearing unless she was brought by the U.S. Marshal in handcuffs, the court finds that no lesser sanction would adequately address Bethel's refusal to abide by court orders. See Betty K Agencies, Ltd. v. M/V Monada, 432 F. 3d 1333, 1338 (11th Cir. 2005) (the "harsh sanction of dismissal with prejudice is thought to be more appropriate in a case [such as here,] where a party, as distinct from counsel, is culpable."); Malautea v. Suzuki Motor Company, Ltd., 987 F. 2d 1536 (11th Cir. 1993) (finding that bad faith and intransigence could not be cured by any sanction lesser than dismissal or default judgment).

Accordingly, because no lesser sanction shall suffice, this case is **DISMISSED with prejudice**.

Each party shall bear their own costs.

As to the allegations that Bethel engaged in threatening and disruptive behavior, the court finds the allegations to be fact. This finding is based on the testimony of Jeff Reinert, Charles R. Diard, and James Copeland regarding the events that transpired on September 3, 2008. However, because Bethel ultimately calmed down and left the Courthouse in a mannerly fashion,

---

[4] These voice mail messages were identified as the Court's Exhibits 1 through 3 to the hearing.

4

the court will not bar Bethel from the Courthouse.  However, Bethel is strongly cautioned that any future disruptive conduct will not be tolerated and will result in the court taking additional action to address the behavior.

**DONE** this the 30th  day of September, 2008

                                         **s / Kristi K. DuBose**
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**