IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ORLANDO BETHEL, et al.,           :

    Plaintiffs,                   :

vs.                               : CA 06-0223-KD-C

THE BALDWIN COUNTY BOARD          :
OF EDUCATION, et al.,
                                  :
    Defendants.

## REPORT AND RECOMMENDATION

The motion to proceed *in forma pauperis* on appeal (Doc. 89) has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. § 636(b)(3).[1] After a consideration of the record and the motion of the plaintiffs, it is recommended that the motion to appeal without prepayment of fees and costs be **DENIED** because the appeal has not been taken in good faith.

**I.     Factual Background**.

Pro se plaintiffs Orlando and Glynis Bethel were granted leave to proceed *in forma pauperis* in this action on June 6, 2006 (Doc. 5). Upon completion of a review of all motions to dismiss filed by the defendants, all but one of the claims against all defendants were dismissed pursuant to an order entered by Judge Kristi Dubose on August 22, 2007

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the plaintiffs do not have an opportunity to file objections. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court.") The Clerk is therefor directed to refer this matter to the District Judge for her consideration without the necessity of a waiting period.

(Doc. 52). The only claim that survived the motions to dismiss was the claim of Glynis Bethel that the "Baldwin County School Board unconstitutionally denied her access to the Baldwin County Public School facilities for her 'Be a Model for the Gospel' which is a 'private Christian after school hours club'". (Doc. 52, p. 16)

Subsequently, on an unrelated matter, Judge DuBose entered an Order to Show Cause on September 11, 2008 (Doc. 59), requiring that Glynis Bethel appear on September 29, 2008 to show cause as to "why an order should not be issued prohibiting Glynis Bethel from physically accessing, or telephonically contacting, the Clerk's Office of the Southern District of Alabama." (Doc. 59, p. 2). When Glynis Bethel failed to appear on September 29, 2008, Judge DuBose dismissed her remaining claim as a sanction for failure to comply with her order. (Doc. 86) This is the only order referenced in the motion to appeal *in forma pauperis* that was filed October 3, 2008 (Doc. 89).

**II.    Discussion**.

Upon an earlier motion for leave to proceed *in forma pauperis* (Doc. 2), the undersigned did indeed find that the Bethels were fiscally eligible to proceed without the prepayment of fees and costs, and it seems likely that the Bethels would still qualify for *in forma pauperis* status today– at least in regard to the fiscal aspects of that determination. (Doc. 5.) Unfortunately for the Bethels, however, an appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962). A petitioner demonstrates good faith when he or she seeks appellate review of any issue that is not

frivolous. *Id*. *See also United States v. Fletcher*, 483 F.Supp. 879 (E.D.Tenn.1978), *aff'd.* 601 F.2d 591 (6th Cir. 1979) (denial where petitioner's position is contradicted diametrically by established law); *U.S. v. Durham*, 130 F.Supp. 445 (D.C.D.C.1955) ("good faith" indicates the presence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F.Supp. 281 (D.C.N.J.1953) ("in good faith" means that issues raised on appeal are reasonably arguable); *U.S. v. Gicinto*, 114 F.Supp. 929 (W.D.Mo.1953) (the IFP application should be denied if the trial court is of the opinion that the appeal is frivolous, without merit, and will lead to a futile proceeding.)

Further, "[w]hether an appeal is taken in good faith is a matter within the discretion of the trial court." *Busch v. County of Volusia*, 189 F.R.D. 687, 692 (M.D.Fla.1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)). *See also Gomez v. U.S.*, 245 F.2d 346, 348 (5th Cir. 1957) ("These latter matters are clearly of the kind that the trial court is best qualified to consider when deciding on the good faith of an appellant in seeking the right to proceed *in forma pauperis*."); *Kirby v. Swope*, 218 F.2d 814, 815 (9th Cir. 1955) ("The allowance of an appeal *forma pauperis* is within the discretion of the court...").

When deciding whether an appeal is frivolous, the district court first determines whether there is a "factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The Supreme Court itself has indicated that a claim is frivolous if the factual contentions supporting it are clearly

baseless, or if it relies on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Here, the Bethels attempt to appeal *in forma pauperis* the dismissal of their case following a show cause hearing which neither attended. (Doc. 86, p. 1.) Specifically, the hearing was held to determine "why an order should not be issued prohibiting [Glynis Bethel] from physically accessing or telephonically contacting the Clerk's Office of the Southern District of Alabama" after Mrs. Bethel was "verbally abusive" to employees of the Clerk's Office and later engaged in "abusive, harassing, and threatening communications against various members of the court staff, including the Clerk of Court." (*Id.*; Doc. 59, p. 1.) In her order, Judge Kristi Dubose specifically cautioned Mrs. Bethel that noncompliance with the order could result in the dismissal of her action. (*Id.*; Doc. 59, p. 2.) After Mrs. Bethel failed to comply with that order by not appearing as directed, Judge DuBose dismissed her case with prejudice, citing "a clear record of Bethel's intentional, willful, and contumacious failure to obey an order of this court" and the belief that "no lesser sanction will suffice to preserve the authority of this court." (Doc. 86, p. 2.) After observing the long and uninterrupted chain of 11th Circuit jurisprudence cited by Judge DuBose for the proposition that a court may initiate, of its own volition, proceedings to dismiss a case before it, the undersigned agrees with her reasoning and joins her view that the dismissal of the Bethels' case is wholly supported by the operations of Fed.R.Civ.P. 41(b).

With regard to Orlando Bethel's appeal,[2] Judge DuBose's reasoning for dismissal of his claims in her order of August 22, 2007 is sound.  A review of the pleadings and her order has failed to unearth a non-frivolous issue for appeal.  This position is highlighted by the one year in which Orlando Bethel was content with her ruling.  Even when the undersigned conducted a status conference on August 29, 2008 to determine the status of all remaining claims, Orlando Bethel did not appear.  It was only after that hearing and the subsequent orders that he became engaged once again.

**III.    Conclusion**.

Accordingly, the undersigned sees no path for the resolution of the appeal filed by Orlando and Glynis Bethel that would not be futile.  For the reasons provided herein, it is recommended that the trial judge certify that the motion to appeal *in forma pauperis* has not been filed in good faith and that it be **DENIED**.

**DONE** this 10th day of October, 2008.

 s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

---

[2]    Orlando Bethel has failed to clearly identify the issues to be raised on appeal.  Since he does not appear to have standing with respect to the sanction imposed as to Glynis Bethel, it is assumed that he appeals from the dismissal order of August 22, 2008.